UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>RODOLFO ANDRADE (8),<br><br>                    Defendant. | Case No.: 19CR3626-CAB<br><br>**Order Denying Motion for Amendment of Conditions of Release [Doc. No. 141]** |

Before the Court is defendant Rodolfo Andrade's motion for amendment of his conditions of release. [Doc. No. 141.] Government opposed the motion. [Doc. No. 142.] The Court finds the motion suitable for determination without further hearing, on the papers submitted by the parties which set forth their respective positions. *United States v. Martinez-Tomas*, No. 20-50095 (9th Cir., April 30, 2020). For the reasons set forth below, the motion is DENIED.

**I.     Background**

On August 16, 2019, defendant Andrade was arrested at the San Ysidro Pedestrian East Port of Entry and charged with importation of controlled substances (methamphetamine and heroin) in violation of 21 U.S.C. §§ 952, 960. [Case No. 19cr3573, Doc. No. 1.] The government moved for the defendant's detention. [Doc. No. 5] On August 22, 2019, and after a hearing on the government's motion, the United States Magistrate Judge set conditions of pretrial release for the defendant, including an

appearance bond in the amount of $75,000 secured by cash or corporate surety. [Doc. No. 10.]

On September 13, 2019, the defendant was indicted in the instant case, for conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841, 846. [Case No. 19cr3626, Doc. No. 1.] Defendant was arraigned on the indictment on October 30, 2019 and the same conditions of pretrial release were set for the defendant. [Doc. No. 91.][1]

## II.     Motion to Magistrate Judge to Amend Conditions of Release

Unable to meet the conditions set by the magistrate judge, on April 6, 2020, the defendant filed a contested motion for amendment of his bond conditions. [Doc. No. 134.] Magistrate Judge Andrew Schopler heard the motion on April 9, 2020. [Doc. Nos. 137, 140 (hrg. transcript).]

Defendant requested his conditions be modified to allow either his release on his own recognizance, a signature bond signed by him, or a lower cash bond that could possibly be posted by The Bail Project. [Doc. No. 134, at 1.] The primary basis of defendant's motion is that he cannot meet the conditions set by the court and he is a 51-year old with diabetes and is therefore at risk for serious illness or death if he is exposed to the COVID-19 virus if he remains in custody. [Id, at 2.]

The government opposed modification of the defendant's conditions based on the defendant's serious criminal record and the seriousness of the offense. [Id., 12-13.] The government argued that the conditions set by the magistrate judge were reasonable based on all the 18 U.S.C. § 3142(g) factors. [Id., at 15-16.] The magistrate judge considered: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of danger to the community. Having weighed all the factors, the magistrate judge set conditions that would reasonably assure the defendant's appearance in court.  None of the factual

---

[1] The importation charge was dismissed without prejudice on November 4, 2019. [Case No. 19cr3573, Doc. No. 22.]

underpinnings of the court's analysis were challenged.  The government argued that speculation alone that the Defendant could contract the COVID-19 virus while in custody did not justify the modifications of the conditions set. [Id., at 16.]

Magistrate Judge Schopler again considered the § 3142(g) factors, the defendant's health status,  the current public health emergency and conditions at the defendant's detention facility, and order a modification of the pretrial release order.  He reduced the amount of the appearance bond to $50,000, secured by cash or corporate surety. He also provided the alternative of a $50,000 signature bond signed by the defendant and one other financially responsible adult with a $2,500 cash deposit. [Doc. No. 139.]

Defendant now seeks amendment of the modified conditions set by Magistrate Judge Schopler. [Doc. No. 141.]

### III.   Motion to the District Judge to Amend Conditions of Release

Pursuant to 18 U.S.C. § 3145(a), if a person is ordered released by a magistrate judge, the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.  The Court considered *de novo* the defendant's request for amendment of his conditions of release. *United States v. Koening*, 912 F.2d 1190, 1193 (9th Cir. 1990).

### A. § 3142(g) Factors Applied to Defendant Andrade

The findings on the § 3142(g) factors of the magistrate judges are unchallenged, so the Court will only summarize them here.

#### 1. Nature and Seriousness of the Offense

The defendant is charged with conspiracy to distribute controlled substances, in violation of 21 U.S.C.  § 841, 846.  The charge carries a presumption of detention and mandatory minimum penalties. 18 U.S.C. § 3142(e)(3)(A), (B).

#### 2. Weight of the Evidence against the Defendant

The weight of the evidence against the defendant is strong, however, this is "the least important of the various factors" in the Court's analysis. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

### 3. Defendant's History and Characteristics

#### a. Family and community ties

The defendant is a citizen of the United States and has significant family ties to the Southern District of California.

#### b. Physical and mental condition

The defendant is 51-years old and a diabetic. While incarcerated the defendant contends he faces an increased risk of exposure to the COVID-19 virus.[2] The presence of the pandemic does not however, override the Court's obligation to conduct an individualized analysis under all the factors in 18 U.S.C. § 3142(g). The Court recognizes that defendant does have a physical condition that may place him at an increased risk of serious complications if he were to contract the virus.

#### c. Employment and Financial Resources

Although the defendant represents he was employed prior to his arrest, he apparently does not have any significant financial resources as he represents he cannot meet the bond term requiring a $2,500 cash deposit.

#### d. Length of Residence

The defendant has lived nearly his whole life in the San Diego area.

#### e. Drug or Alcohol Abuse

The defendant has a history of drug and/or alcohol issues.

#### f. Criminal History, Past Conduct and Failures to Appear

The defendant has a significant criminal history, including a 2015 conviction for drug trafficking for which he received a four-year sentence. He is alleged to be affiliated

---

[2] The Court recognizes that the COVID-19 pandemic presents significant and unprecedented public health concerns, and the challenges that exist in containing the virus in detention facilities are serious considerations. Current recommendations to attempt to contain the spread of the virus, such as social distancing, frequent hand washing and wearing a face mask are difficult to practice in detention facilities. These challenges however do not require that all pretrial detainees be released on bond without consideration of the other § 3142(g) factors.

4

with the Logan Heights gang. He has repeated violations of parole and probation conditions. [Doc. No. 134-2.].

### 4. Nature and Seriousness of the Danger to Community

Given the nature of the charge and the defendant's criminal history of violence and drug charges the government originally moved for detention. That motion was denied and conditions were set, however the conditions previously set by the magistrate judges reflect the potential danger that the release of the defendant would pose to the community.

### B. No New Issues are Presented

The defendant raises no new issues in his motion for amendment of the bond conditions set on April 9, 2020. Having considered and weighed all the factors, including the issues raised by the COVID-19 virus and the conditions at the facility housing the defendant, the Court finds that bond conditions set by Magistrate Judge Scholper are reasonable.

Defendant's request is DENIED without prejudice.

IT IS SO ORDERED.

Dated: 5/5/2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge